UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE VILLAGE RECORDER,

                              Plaintiff,

-v-

THE VILLAGE MUSIC SCHOOL, INC. *et al.*,

                              Defendants.

23 Civ. 10022

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On August 14, 2024, plaintiff The Village Recorder ("VR") obtained a certificate of default from the Clerk of Court as to defendant The Village Music School, Inc. ("VMS"). Dkt. 68. The same day, VR filed a motion for default judgment against VMS, along with a memorandum of law in support and a clerk's certificate of default. Dkt. 69; *see* Dkt. 71 at 2. It cited VMS's failure to file an answer, its failure to disclose certain facts to VR before a settlement conference held before Magistrate Judge Katharine H. Parker, and its failure to respond to VR's discovery requests. *Id.*

On August 21, 2024, in light of VMS's representations that its counsel, Mark D. Rasch, Esq., had disregarded his duties and that it needed to retain new counsel, the Court granted an extension of VMS's deadline to file its opposition to VR's motion for default judgment, to September 20, 2024. Dkt. 71.

On September 6, 2024, John A. Farnsworth, Esq., entered an appearance for VMS. Dkt. 72. Having retained new counsel, on September 12, 2024, VMS filed a motion for "displacement and withdrawal" of Mr. Rasch as its attorney of record, citing, *inter alia*, Mr. Rasch's "non-responsive[ness]" to the Court and to VMS. Dkt. 74. VMS filed a declaration in

support of this motion. Dkt. 75 at 1 ("Attorney Rasch has failed to respond to Defendant's text messages, emails, and sends phone calls directly to voice mail. Attorney Rasch has failed to act with reasonable diligence and promptness in representing Defendant and has neglected this matter which Defendant entrusted to him.").

On September 16, 2024, the Court granted VMS's motion for "displacement and withdrawal" of Mr. Rasch. Dkt. 78.

On September 17, 2024, VMS filed a memorandum of law, which the Court construes as an opposition to VR's motion for default judgment and a cross-motion to vacate the entry of default. Dkt. 80 at 5 ("For these reasons, the Court should find good cause to set aside its entry of default (Clerk's Certificate of Default, ECF No. 68) and deny Plaintiff's Motion."). VMS contends, *inter alia*, that its failure to timely respond to the complaint was not willful in light of alleged neglect and misfeasance by Mr. Rasch. *Id.* at 8. VMS represents that it "seeks to . . . defend this case on the merits" and would "file its answer and engage in the discovery process" were the Court to deny VR's motion for default judgment and grant VMS's cross-motion to vacate the entry of default. *Id.* at 5, 14.

In light of VMS's representations and retention of new counsel, and in light of this Circuit's "strong preference for resolution of disputes on the merits" rather than via entry of default, *Fischer v. Forrest*, No. 14 Civ. 1307, 2014 WL 2717937, at *2 (S.D.N.Y. June 16, 2014) (internal quotation marks omitted) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)), the Court directs the parties to confer to attempt to resolve these issues without further judicial intervention, and to file a joint status update to that end by September 26, 2024. To the extent VR continues to seek default judgment, Dkt. 69, VR's reply to VMS's memorandum of law, Dkt. 80, will be due October 3, 2024.

2

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 19, 2024
      New York, New York